## UNITED STATES v. TAYLOR BROS.

No. 6003.—Invoices dated Mexico, D. F., April 19 and 17, 1943.
      Certified May 6, 1943.
      Entered at Corpus Christi, Tex., May 11, 1943.
      Entry No. 82–C.

(Decided May 10, 1944)

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the plaintiff.

Defendant not represented by counsel.

WALKER, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into by and between the respective parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is as follows:

Invoice No. 2—13 watch cases_____ 8.65 pesos each, net
Invoice No. 3—9 watch cases_____ 15.00 pesos each, net

It is further stipulated and agreed that there was no higher export value for the merchandise herein at the time of exportation.

It is further agreed that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

Invoice No. 2—13 watch cases_____ 8.65 pesos each, net
Invoice No. 3—9 watch cases_____ 15.00 pesos each, net

Judgment will be rendered accordingly.